IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD HASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3221 |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS M. SCHUSTER, In his official | ) | **MEMORANDUM** |
| and Individual Capacity, and the CITY | ) | **AND ORDER** |
| OF BEATRICE, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ronald Hasley brings this action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Neb. Rev. Stat. § 20-148 for alleged violations of his First, Fourth, Fifth, and Fourteenth Amendment rights. (Filing 3, Amended Complaint.) The defendants have filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Filing 22.) I shall grant the motion in part and deny it in part.

## STANDARD OF REVIEW

To survive a motion to dismiss based on Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). This "plausibility standard" is not one of probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line

between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citations omitted).

The court need not accept as true "legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In addition, some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (internal quotation marks and citations omitted).

> Rule 8 does not, however, require a plaintiff to plead "specific facts" explaining precisely how the defendant's conduct was unlawful. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled "'give the defendant fair notice of what the claim is and the grounds upon which it rests,'" *id*. (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955) (alteration omitted), and "allow [ ] the court to draw the reasonable inference" that the plaintiff is entitled to relief.

*Braden*, 588 F.3d at 595.

## FACTUAL ALLEGATIONS AND CLAIMS

Ronald Hasley alleges that on February 19, 2010, he filed to run as a candidate for mayor of the City of Beatrice, Nebraska, against defendant Dennis Schuster, the incumbent mayor. During the course of the campaign, Hasley claims he exercised his First Amendment right to free speech by publicly campaigning for the position of mayor by setting forth the reasons voters should elect him, including his criticisms of Schuster as the incumbent mayor. Ultimately Hasley was defeated, and Schuster was reelected as mayor on November 2, 2010. In this lawsuit, Hasley alleges that Schuster retaliated against him for running against him and publicly criticizing Schuster's performance as mayor. Specifically, Hasley asserts that the defendants "use[d] the power of government of the City of Beatrice to retaliate against the Plaintiff by causing an inspector to visit real[]estate

2

owned by the Plaintiff . . . and to . . . condemn said property on or about January 7, 2011."
(Filing 3 ¶ 13.)

Hasley claims that the condemnation of his property was done "at the direction of the
Defendant," and the "City of Beatrice through its legal department knew or should have
known that the purported [i]nspection was a sham and was conducted only for the purpose
of creating a pretext for the . . . condemnation." (Filing 3 ¶ 14.) Hasley also asserts that
City of Beatrice employees confronted him concerning his property, trespassed on his
property, and took "actions designed to intimidate and . . . harass the Plaintiff so to [sic]
cause him economic damage." (Filing 3 ¶ 15.)

Hasley's amended complaint states that before 2010 through January 7, 2011, Hasley
"g[a]ve advice to other citizens concerning interactions with the City of Beatrice," including
advice to Beatrice motel owner Ray Scott concerning the City of Beatrice's "actions and
threatened actions" against Scott's motel. (Filing 3 ¶¶ 16, 17.) On February 16, 2011,
Hasley obtained a temporary injunction against the City of Beatrice from harassing,
intimidating, and making derogatory remarks about Hasley.

Plaintiff Hasley's amended complaint contains four separate causes of action: (1)
Mayor Schuster "single[d] out" Hasley by having the City's building inspector "focus on"
his properties, which allegedly deprived Hasley of due process and "the rights guaranteed
to the Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments" to the United States
Constitution (Filing 3 ¶¶ 19-25); (2) Mayor Schuster violated Neb. Rev. Stat. § 20-148
(Filing 3 ¶¶ 26-27); (3) the City of Beatrice improperly trained and supervised its
employees, including its building inspector, by allegedly "failing to train [him] and other[s]
that a duty exist[s] to not retaliate against an individual" and by having a "policy, practice
and custom in place to retaliate against Ron Hasley even though it knew that such retaliation
violated the law," depriving Hasley of his rights under the First, Fourth, Fifth, and
Fourteenth Amendments (Filing 3 ¶¶ 28-31); and (4) Mayor Schuster conspired "with other
employees of the City of Beatrice" to allegedly violate Hasley's statutory and/or
constitutional rights, in violation of 42 U.S.C. § 1985 (Filing 3 ¶¶ 32-35).

3

# ANALYSIS

## A.  Due Process, Conspiracy, and § 20-148 Claims

The defendants move to dismiss all of plaintiff Hasley's claims pursuant to Fed. R. Civ. P. 12(b)(6).  (Filing 22.)  In Hasley's brief in response to the defendants' motion to dismiss, Hasley concedes that not all of his claims are cognizable—rather, he wishes to proceed only on his 42 U.S.C. § 1983 First Amendment (retaliation for exercise of right to freedom of speech) and Fourth Amendment (illegal search and seizure) claims against both Mayor Schuster and the City of Beatrice.  Therefore, I shall dismiss Plaintiff's Fifth and Fourteenth Amendment (due process) claim and his conspiracy claim under 42 U.S.C. § 1985.

In addition, any claims the plaintiff purports to bring through Neb. Rev. Stat. § 20-148[1] shall be dismissed because this statute—which does not create a cause of action, but is merely a civil avenue of recovery for violations of constitutional or statutory civil rights provisions—"has been narrowly construed as being limited to private acts of discrimination, presumably of constitutional dimension, by private employers."  *Buzek v. Pawnee County, 207 F. Supp. 2d 961, 965 & n.3 (D. Neb. 2002)* (internal quotation marks and citation omitted).  Further, section 20-148 cannot be used to assert claims against political subdivisions or individuals acting in their capacities as public officials.  *Id.*  Here, the conduct that forms the basis for plaintiff Hasley's claims—the inspection and condemnation of his property—are actions taken by the City of Beatrice or its employees in their official capacity.  (*See* Filing 3, Amended Complaint ¶¶ 11, 13, 15, 21, 24 (Mayor Schuster used the "power of the City of Beatrice's government" to retaliate against Plaintiff; all acts and conduct "were done while the Defendant Schuster was acting in the scope and

---

[1] Neb. Rev. Stat. § 20-148 provides in part:  "Any person or company, . . . *except any political subdivision*, who subjects or causes to be subjected any citizen of this state . . . to the deprivation of any rights, privileges, or immunities secured by the United States Constitution . . . shall be liable to such injured person in a civil action . . . ."  (Emphasis added).

4

course of his employment with the Defendant, City of Beatrice"; employees of the City of Beatrice trespassed on Plaintiff's property and took action designed to harass and intimidate him).)  Therefore, plaintiff Hasley's claims are not actionable under section 20-148, and the defendants' motion to dismiss claims brought through this statute shall be granted.

## B.  First Amendment Retaliation Claim

### 1.  Defendant Schuster

"In order to establish the elements of a retaliation claim under 42 U.S.C. § 1983, [the plaintiff] must show that []he was engaged in constitutionally protected activity, that [the defendant's] adverse action caused [him] to suffer an injury which would chill a person of ordinary firmness from continuing . . . in that activity, and that the adverse action was motivated in part by [the plaintiff's] exercise of [his] constitutional rights."  *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir. 2001) (internal quotation marks and citation omitted).

As to defendant Schuster, the incumbent mayor, Hasley clearly alleges engagement in constitutionally protected activity—running for the office of mayor against Schuster and criticizing Schuster's performance during that political process.  "The criticism of public officials lies at the heart of speech protected by the First Amendment, *New York Times Co. v. Sullivan*, 376 U.S. 254, 269-70, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964), and we have recognized that '[r]etaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for § 1983 liability.'"  *Williams v. City of Carl Junction*, 480 F.3d 871, 874-75 (8th Cir. 2007) (quoting *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002)).  *See also League of United Latin American Citizens v. Perry*, 548 U.S. 399, 462 (2006) ("[T]he freedom of political belief and association guaranteed by the First Amendment prevents the State, absent a compelling interest, from penalizing citizens because of their participation in the electoral process, . . . or their expression of political views." (internal quotation marks and citation omitted)); *Naucke*, 284 F.3d at 928 (plaintiff's "criticism of the City Council and City Administrator is the type of speech intended to be protected by the First Amendment").

Hasley has also sufficiently alleged adverse actions with concrete consequences—condemnation of his property and confrontations with City employees who trespassed on Hasley's property and intimidated and harassed him, causing economic damage (Filing 3 ¶ 15)—that would chill a person of ordinary firmness from exercising their First Amendment rights to run for political office and to comment on an incumbent's performance during the campaign.  *See Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003) (plaintiff's receipt of $35.00 in parking tickets after she complained about city's failure to enforce sidewalk ordinance was sufficient to establish retaliation that would chill the speech of a person of ordinary firmness; defendant, in his capacity as mayor, "engaged the punitive machinery of government in order to punish [the plaintiff] for her speaking out. Charges made by a parking ticket, to be sure, are typically only petty offenses, not even misdemeanors, but they have concrete consequences"; "'The effect on freedom of speech may be small, but since there is no justification for harassing people for exercising their constitutional rights it need not be great in order to be actionable.'" (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

Finally, Hasley alleges facts indicating that the adverse action was motivated in part by his exercise of his constitutional rights—specifically, the condemnation of his property occurred at Schuster's direction because Hasley politically challenged him and negatively commented on his mayoral performance during the campaign.  This is enough to avoid a Rule 12(b)(6) motion to dismiss the plaintiff's First Amendment retaliation claim as to defendant Schuster.

### 2. *Defendant City of Beatrice*

Reading the amended complaint as a whole, and making reasonable inferences from the facts alleged, *Braden*, 588 F.3d at 595 (district court erred in dismissing breach-of-fiduciary-duty claim under Rule 12(b)(6) by "ignor[ing] reasonable inferences supported by the facts alleged"), plaintiff Hasley alleges that Mayor Schuster "use[d] the power of government of the City of Beatrice to retaliate" against Hasley for exercising his First Amendment rights to run against Schuster for mayor and to publicly campaign for the position of mayor by setting forth the reasons voters should elect him, including criticisms

of Schuster as the incumbent.  Hasley alleges the specific nature and source of the retaliation and asserts that the retaliation resulted from the City of Beatrice's failure to train its employees that such retaliation is prohibited and from the City's policy, practice, and custom of retaliating against Hasley even though it knew that such retaliation violated the law.  (Filing 3 ¶ 13 (the defendants "caus[ed] an inspector to visit real[]estate owned by the Plaintiff . . . and to . . . condemn said property on or about January 7, 2011"); *id*. ¶ 15 (City of Beatrice employees confronted Hasley concerning his property, trespassed on his property, and took "actions designed to intimidate and . . . harass the Plaintiff so to [sic] cause him economic damage"); *id*. ¶ 21 (Schuster "single[d] out" Hasley by having the City's building inspector "focus on" his properties); *id*. ¶ 14 (the "purported [i]nspection was a sham and was conducted only for the purpose of creating a pretext for the . . . condemnation"; Hasley's property was condemned "at the direction of the Defendant"); *id*. ¶ 15 (on February 16, 2011, Hasley obtained a temporary injunction against the City of Beatrice from harassing, intimidating, and making derogatory remarks about him).)

Local governments may be liable under 42 U.S.C. § 1983 for inadequate training of their employees where "(1) the [city's] . . . training practices [were] inadequate; (2) the [city] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the city]; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (internal quotation marks and citations omitted). Under section 1983, "a claim for failure to supervise requires the same analysis as a claim for failure to train." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013) (internal quotation marks and citations omitted).

Hasley has sufficiently alleged that the City of Beatrice's training practices were inadequate concerning using the power of City government to retaliate against citizens for politically challenging and publicly criticizing City officials; that the City and its employees were deliberately indifferent to Hasley's First Amendment rights in consciously choosing to retaliate against him; and the failure to train City employees resulted in the condemnation of Hasley's property, harassment and intimidation, and economic damage.  Therefore, the defendants' motion to dismiss Hasley's failure-to-train and supervise claim shall be denied.

A governmental entity like the City of Beatrice can be liable under section 1983 if the plaintiff identifies "a governmental policy or custom that caused the plaintiff's injury." *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (internal quotations marks and citation omitted); *see also Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) (holding that a plaintiff seeking to impose § 1983 liability on municipality must show official policy or custom of unconstitutional conduct that caused deprivation of plaintiff's constitutional rights).

A governmental "policy" is "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). "[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur*, 475 U.S. at 480.

> [A] government frequently chooses a course of action tailored to a particular situation and not intended to control decisions in later situations. If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government "policy" as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.

*Pembaur*, 475 U.S. at 481. "[W]hether an official had final policymaking authority is a question of state law." *Pembaur*, 475 U.S. at 482.

Because Hasley's amended complaint does not allege facts demonstrating that Mayor Schuster possessed final policymaking authority over City condemnation procedures such that his actions—and those he directed—can result in municipal liability, I shall grant Hasley leave to amend his complaint to allege such facts, if possible. *Braden*, 588 F.3d at 594 ("some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim") (internal quotation marks and citations omitted).

8

Hasley also alleges that the City of Beatrice had a "custom" in place to retaliate against him. A governmental "custom" involves "a pattern of persistent and widespread . . . practices which bec[o]me so permanent and well settled as to have the effect and force of law." *Brockinton*, 503 F.3d at 674 (internal quotation marks and citations omitted). To establish a municipal "custom," the plaintiff must prove:

> "(1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3)   Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, i.e., [proof] that the custom was the moving force behind the constitutional violation."

*Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (quoting *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998)).

Hasley's amended complaint focusing on retaliation against Hasley alone is not enough to allege a "'continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees,'" *Mettler*, 165 F.3d at 1204 (quoting *Ware*, 150 F.3d at 880), that has become "so permanent and well settled as to have the effect and force of law." *Brockinton*, 503 F.3d at 674 (internal quotation marks and citations omitted). "A single incident normally does not suffice to prove the existence of a municipal custom." *Mettler*, 165 F.3d at 1205. Therefore, I shall grant the defendants' motion to dismiss as to Plaintiff's section 1983 "custom" claim.

## C.  Fourth Amendment Claim

The Fourth Amendment "protects the people from unreasonable searches and seizures of 'their persons, houses, papers, and effects,'" and its protections apply in both the criminal and civil context. *Soldal v. Cook County*, 506 U.S. 56, 62, 67 (1992). The Fourth

Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.' A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure' of property occurs where there is some meaningful interference with an individual's possessory interests in that property." *Soldal*, 506 U.S. at 63 (internal quotation marks and citations omitted).

In the case of a seizure, a Fourth Amendment violation occurs when a seizure is unreasonable under the circumstances. *Robinette v. Jones*, 476 F.3d 585, 593 (8th Cir. 2007). The "reasonableness" requirement involves "balancing of the competing interests"—that is, "an individual's possessory rights in its property . . . balanced against the government's interest in effective law enforcement." *PPS, Inc. v. Faulker County*, 630 F.3d 1098, 1103 (8th Cir. 2011). "It is well settled that a seizure carried out without judicial authorization is per se unreasonable unless it falls within a well-defined exception to this requirement." *Dixon v. Lowery*, 302 F.3d 857, 862 (8th Cir. 2002).

Similarly, the "reasonableness" requirement also applies to searches, U.S. Const. amend IV, and "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Burke v. Sullivan*, 677 F.3d 367, 371 (8th Cir. 2012) (internal quotation marks, brackets, and citations omitted); *see also California v. Ciraolo*, 476 U.S. 207, 211 (1986) (under Fourth Amendment, focus is on whether individual has manifested subjective expectation of privacy in object of challenged search and whether society is willing to recognize that expectation as reasonable). The Fourth Amendment expressly recognizes that a person has a reasonable expectation of privacy in his own home. U.S. Const. amend IV; *see also United States v. Salter*, 358 F.3d 1080, 1084 n.2 (8th Cir. 2004) ("We find [the defendant] had an expectation of privacy in the area searched, because it was his home.").

In his amended complaint, Hasley makes the following allegations that are relevant to his purported Fourth Amendment claim: (1) as a result of Hasley's participation in the electoral process—including his public criticism of the incumbent mayor's performance—the defendants used "the power of government of the City of Beatrice" to

10

cause "an inspector" to visit real estate the defendants knew was owned by Hasley and to condemn the property on January 7, 2011 (Filing 3 ¶¶ 10, 12, 13); (2) Hasley's property "should not have been condemned and was done so only at the direction of the Defendant" (*id*. ¶ 14); (3) the City of Beatrice knew or should have known that the "purported inspection was a sham and was conducted only for the purpose of creating a pretext for the aforementioned condemnation" (*id*. ¶ 14); (4) City of Beatrice employees "trespass[ed]" on Hasley's property (*id*. ¶ 15); and (5) defendant Schuster "single[d] out Ron Hasley . . . to have the building inspector focus on Ron Hasley's properties" and used his position as mayor to order City employees, such as the building inspector, to take actions against Hasley that violated "laws and ordinances." (*Id*. ¶¶ 21-22.)

Hasley has alleged sufficient factual matter to state a plausible section 1983 Fourth Amendment claim insofar as the seizure of his home is concerned. Hasley clearly alleges the City of Beatrice's meaningful interference with his possessory interests in his home under circumstances that were unreasonable—that is, condemnation of his home by the City of Beatrice, at defendant Schuster's direction, because of Hasley's participation in the mayor's race, including his public criticism of incumbent Mayor Schuster's performance.

As to Hasley's Fourth Amendment search claim, the amended complaint alleges that a City inspector, at the mayor's direction and outside the judicial process, trespassed and conducted a sham inspection of his home, which resulted in condemnation of his property. It is well-established that Hasley had a reasonable expectation of privacy in his own home, and the facts alleged in the amended complaint indicate infringement of that expectation of privacy when Mayor Schuster used his governmental position to focus on Hasley's property and to direct that a sham inspection of his home occur. The facts alleged are not limited to a trespass alone, which would not qualify as a "search" for Fourth Amendment purposes; rather Hasley alleges a home inspection, which was presumably performed in an attempt to collect information that would support the eventual condemnation of Hasley's home. *United States v. Jones*, 132 S. Ct. 945, 951 n.5 (2012) (a trespass alone does not qualify as a "search" for Fourth Amendment purposes; rather, "there must be conjoined with that . . . an attempt to find something or to obtain information"). Accordingly, the defendant's motion to dismiss Hasley's section 1983 Fourth Amendment claim will be denied.

11

IT IS ORDERED:

1.      Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 22) is granted in part and denied in part, as specified below:

(a)      Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 22) is **GRANTED** as to Plaintiff's Fifth and Fourteenth Amendment (due process) claim; any claim brought pursuant to Neb. Rev. Stat. § 20-148 (Second Cause of Action); Plaintiff's conspiracy claim brought pursuant to 42 U.S.C. § 1985 (Fourth Cause of Action); and Plaintiff's 42 U.S.C. § 1983 "custom" claim (part of Third Cause of Action) against the City of Beatrice;

(b)      Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 22) is **DENIED** as to Plaintiff's First Amendment retaliation claim (part of First and Third Causes of Action); Plaintiff's 42 U.S.C. § 1983 failure-to-train and supervise claim against the City of Beatrice (part of Third Cause of Action); and Plaintiff's 42 U.S.C. § 1983 Fourth Amendment search and seizure claim (part of First and Third Causes of Action).

2.      As to Plaintiff's 42 U.S.C. § 1983 governmental "policy" claim against the City of Beatrice, Plaintiff is granted leave to amend his complaint to allege *facts* demonstrating that, under Nebraska law, Mayor Schuster possessed final policymaking authority over City of Beatrice condemnation procedures.

3.      Plaintiff's amended complaint shall be filed on or before October 27, 2014, and shall clearly identify the proposed amendments and delete all references to claims that have been dismissed pursuant to paragraph 1(a) above.  Failure to file such complaint shall result in dismissal of Plaintiff's 42 U.S.C. § 1983 governmental "policy" claim against the City of Beatrice without further notice.

DATED this 16th day of October, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

13