IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONALD HASLEY, | |
| Plaintiff, | 4:13CV3221 |
| v. | |
| DENNIS M. SCHUSTER, in his official and individual capacity, and CITY OF BEATRICE, NEBRASKA, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Ronald Hasley brings this 42 U.S.C. § 1983 action against the City of Beatrice, Nebraska ("City"), and its mayor at the relevant time, Dennis M. Schuster, for alleged violations of his First, Fourth, and Fourteenth Amendment rights during late 2010 and early 2011. Hasley alleges that the City inspected and condemned his property after he ran against Schuster for mayor and, during the campaign, criticized Schuster's prior performance as mayor.[1]

As against Schuster in his individual capacity, Hasley asserts 42 U.S.C. § 1983 claims for retaliating against him when he exercised his First Amendment rights and for trespassing, inspecting, and condemning his property in violation of the Fourth Amendment. As to Schuster in his official capacity and the City of Beatrice, Hasley asserts section 1983 claims under the First and Fourth Amendments for failure to train and supervise City employees regarding their duty to not retaliate against individuals and for having a policy and practice of unlawfully retaliating against Hasley.

---

[1]For another case involving City of Beatrice officials condemning private or commercial property after a citizen made comments criticizing City policy, see *Scott v. Schuster*, No. 4:14CV3093 (D. Neb.) (Kopf, J.).

Defendants have moved for summary judgment based on qualified immunity and the merits. (Filing 53.)

## I. UNDISPUTED FACTS

1. Plaintiff Ronald Hasley testified that since 2003, he has been involved in a number of disputes[2] with the City of Beatrice regarding his properties and inspections thereof by City police and the City building inspector.[3] (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 10.) Hasley maintains that since that time, whenever he publicly commented or criticized the City or the Beatrice mayor, the City issued to Hasley notices of property violations and contacted his tenants. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 39.)

2. As a result of this alleged retaliatory conduct on the part of the City, on March 18, 2008, Hasley filed a letter with the City of Beatrice Clerk stating in part: "we will not allow any trespassing by any city employee or individuals contracted by the city of any departments or agencies working in conjunction with the city, to trespass or photograph any properties owned by Ron and/or Vicki Hasley or any company owned by Ron and/or Vicki Hasley." Hasley requested that the letter be

---

[2]Hasley has submitted a four-page list of what he views as "disputes" with the City of Beatrice from 2003 to 2013. I do not consider this list for its truth, but simply for Hasley's state of mind.

[3]Defendants have not followed the court's local rules, which require that the "statement of facts should consist of <u>short</u> numbered paragraphs" citing to evidence that supports each material fact." NECivR 56.1(a)(2) (Summary Judgment Procedure) (emphasis in original). However, rather than deny Defendants' motion because of this procedural violation and prolong this lingering case, I shall overlook Defendants' failure to follow our local rules in this instance. *See* NEGenR 1.1(c) ("Notwithstanding contrary authority, in the interest of justice a judge may deviate from this court's rules or procedures. A deviation supersedes every other rule or procedure.").

posted in all City departments. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 19; Filing 62-1 at CM/ECF p. 8.)

3.      In 2010, Hasley became a candidate for mayor of the City of Beatrice, an office then held by defendant Dennis Schuster. Prior to the November 2, 2010, election, Hasley actively campaigned, including using signs, speeches, and advertisements, as well as criticizing Schuster's performance as mayor. Schuster won the election. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶¶ 6-8, 41; Filing 27, Amended Complaint ¶ 9.)

4.      The property that is the subject of this lawsuit is residential rental property at 1011 North 6th Street in Beatrice, Nebraska, that has been owned and managed by plaintiff Ronald and Vicki Hasley for over 20 years. The property was vacant at the relevant time, as Hasley was considering razing the property, along with adjacent property he also owned, in order to convert it into a commercial real estate development. (Filing 27, Amended Complaint ¶¶ 13; Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶¶ 3-4.)

5.      On January 4, 2011, Dennis Mitchell, the Chief Building Inspector for the City Inspections Department, filed an Application for Inspection Warrant in the County Court of Gage County, Nebraska, seeking permission to inspect Hasley's property for suspected violations of the 2003 International Property Maintenance Code. Attached to the application was Mitchell's affidavit, in which he stated that he had "reason to believe that [the Property] is in violation of Section 108 of the International Property Maintenance Code, 2003 Edition[.]" In support of that assertion, Mitchell provided the county court with six photographs of the property to support his suspicion that the structure had "a large hole in the roof, cracks in the foundation, insufficient weather protection, damaged fascia and eave overhangs and other deterioration." (Filing 54-1.)

6. On January 4, 2011, the county court found "that the facts contained in [Mitchell's] Affidavit and the evidence adduced constitute grounds for the issuance of an inspection warrant and that the inspection warrant should be issued." Accordingly, the county court issued an inspection warrant that authorized Mitchell, a Beatrice code enforcement officer, and "other authorized personnel" to search Hasley's property for "violation of the International Property Maintenance Code, 2003 Edition incorporated into the Beatrice City Code by Section 7-30 and deal with the same as by law provided and to make return of this warrant to me within ten (10) days after the date thereof." (Filing 54-1 at CM/ECF p. 6.)

7. On January 5, 2011, Mitchell conducted his inspection of Hasley's property with a City police officer and a City code enforcement officer. (Filing 54-1 at CM/ECF p. 7.) As a result of that inspection, Mitchell issued a Notice and Order of Condemnation on February 25, 2011, in which he detailed 23 violations of the 2003 International Property Maintenance Code that were supposedly discovered during the course of the inspection, and he notified Plaintiff that as a result of those violations, the property was unsafe and unfit for human occupancy. (Filing 54-2, Mitchell Dep. 21:12-22:3, at CM/ECF pp. 15-16; Filing 54-2 at CM/ECF pp. 21-23.) Mitchell believed that his observations during the course of his inspection provided him with good cause to issue the Notice and Order of Condemnation. (Filing 54-2, Mitchell Dep. 24:6-11, at CM/ECF p. 18.)

8. Hasley claims that prior to its condemnation, his property only had a small vent hole in the roof, and that it did not have a cracked foundation, insufficient weather protection, damaged fascia and eave overhangs, or other deterioration. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 33.) As a result of the condemnation, Hasley incurred expenses, such as hiring an exterminator who performed tests and set traps, but found no "issues" requiring treatment. (Filing 62-1 at CM/ECF p. 5, Hasley Aff. ¶ 31; Filing 62-1 at CM/ECF pp. 34-35 (invoices from Ken's Pest Control).)

4

9. Hasley believed that at least three of the photographs submitted in support of the warrant application could only have been obtained by a photographer who was on Hasley's property without his permission. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 17.) Therefore, Hasley filed a Petition for Temporary Injunction against the City of Beatrice, Dennis Mitchell, and the Beatrice code enforcement officer who participated in the property inspection. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 23.) Judge Daniel Bryan of the District Court of Gage County issued a temporary injunction against the City of Beatrice, as follows:

> The Plaintiff's Motion for Temporary Injunction is granted to the degree that the City is enjoined from harassing, intimidating, or making any derogatory comments about Ronald P. Hasley . . . . The City has the right to continue to enforce its city codes as long as it does so without intimidating, harassing, or making any derogatory comments about Ronald P. Hasley . . . .

(Filing 62-1 at CM/ECF p. 24.) The injunction was effective from February 3, 2011, to October 9, 2012. (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶¶ 27, 29; Filing 62-1 at CM/ECF pp. 24 & 32.)

10. On October 5, 2012, the condemnation of Hasley's property was rescinded by virtue of a Release of Certificate of Substandard Building, which stated that Hasley's property "has now been brought into complaince with the *2003 International Property Maintenance Code*® by the following means: . . . Repaired by owner." (Filing 62-1 at CM/ECF p. 33.) Despite the fact that 23 code violations were found, Hasley testified that the only repair he made before the condemnation was rescinded was re-shingling the "slope of the roof on which [a vent hole] was located." (Filing 62-1 at CM/ECF pp. 1-7, Hasley Aff. ¶ 30.)

11. Mitchell did not have any communication with defendant Schuster regarding any of Hasley's properties; Mitchell did not receive any directions or instructions from Schuster to perform any acts relative to the property; and Schuster

5

did not take any actions to condemn any real estate owned by Hasley in 2009, 2010, or 2011. (Filing 54-2, Mitchell Dep. 35:16-36:1, at CM/ECF pp. 19-20; Filing 54-2, Def. Schuster's Answers to Plaintiff's Interrogatories Nos. 2 & 3, at CM/ECF pp. 3-4; Filing 64-1, Mitchell Dep. 8:1-4, 35:19-22, at CM/ECF pp. 3-4.)[4]

## II. DISCUSSION

### A. Qualified Immunity for Defendant Schuster in Individual Capacity

Defendant Schuster in his individual capacity first argues that he is entitled to qualified immunity from suit. "Government officials . . . are entitled to qualified immunity, shielding them from liability, unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known." *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014) (internal quotation marks and citations omitted).

---

[4]Hasley argues that there is a genuine issue of material fact as to whether Schuster directed Mitchell to conduct an illegal inspection of Hasley's property and whether the resulting condemnation was warranted by the property's condition or whether it was undertaken to retaliate against Hasley. (Filing 61, Pl.'s Br. Opp'n Defs.' Mot. Summ. J. at CM/ECF p. 15.) Hasley asserts in his affidavit that he had a telephone conversation with Dennis Mitchell—when Mitchell no longer worked for the City—in which Mitchell supposedly said that Beatrice City Attorney Tobias Tempelmeyer and Schuster used Mitchell to harass Hasley, that their alleged harassment was in retaliation for Hasley running against Schuster for mayor, and that the harassment was intended to harm Hasley financially. This testimony is inadmissible hearsay because it consists of Hasley's description of out-of-court statements offered for their truth and made by a nonparty former City employee. Fed. R. Evid. 801(c), 802. Further, Hasley has not made a showing that this evidence falls under one of the exceptions to the hearsay rule. Therefore, the court shall not consider this evidence. (Filing 62-1 at CM/ECF pp. 6-7, Aff. Hasley ¶¶ 42-45 (reporting contents of telephone conversation with Mitchell on August 18, 2013); Filing 54-2, Mitchell Dep. 21:8-10, at CM/ECF p. 15 (Mitchell left City employment in June 2012).)

6

"To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Saylor v. Nebraska*, 812 F.3d 637, 643 (8th Cir. 2016) (internal quotation and citation omitted). A right is "clearly established" when

> the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is so that an official is not required to guess the direction of future legal decisions. Essentially, the law must be certain enough to give a fair and clear warning. If a plaintiff can show relevant case law in the jurisdiction at the time of the incident that should have put the government employee on notice, qualified immunity is improper.

*Id*. (internal quotation marks, bracketing, and citations omitted).

The first inquiry, then, is whether Schuster deprived Hasley of his First or Fourth Amendment rights.

> To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights. While the doctrine of respondeat superior does not apply to § 1983 cases, a supervisor may still be liable under § 1983 if either his direct action or his failure to properly supervise and train the offending employee caused the constitutional violation at issue. Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in creating, applying, or interpreting a policy that gives rise to unconstitutional conditions. In requiring a plaintiff to allege that each defendant was personally involved in the deprivation of his constitutional rights, we assess each defendant relative to his authority over the claimed constitutional violation.

*Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (internal quotation marks and citations omitted).

Here, there is no evidence that Schuster was personally involved in the events on which Hasley's constitutional claims are based; that Schuster failed to properly supervise or train the city officials who inspected and condemned Hasley's property; or that Schuster created, applied, or interpreted any policy that gave rise to the alleged deprivation of Hasley's constitutional rights. To the contrary, Defendants have produced unrebutted evidence that Mitchell did not have any communication with defendant Schuster regarding any of Hasley's properties; Mitchell did not receive any directions or instructions from Schuster to perform any acts relative to Hasley's property; and Schuster did not take any actions to condemn any real estate owned by Hasley in 2009, 2010, or 2011. (Filing [54-2, Mitchell Dep. 35](#):16-36:1, at CM/ECF pp. 19-20; Filing [54-2](#), Def. Schuster's Answers to Plaintiff's Interrogatories Nos. 2 & 3, at CM/ECF pp. 3-4; Filing [64-1, Mitchell Dep. 8](#):1-4, 35:19-22, at CM/ECF pp. 3-4.) Hasley's observation that "every time I publicly comment on or criticize the Mayor or the City of Beatrice, there is a subsequent reaction such as a notice of a property violation or contacting the tenants of one of my properties" fails to establish that Schuster was involved—much less caused—the constitutional violations at issue here. (Filing [62-1 at CM/ECF p. 6](#), Aff. Hasley ¶ 39.)

Because Hasley has failed to demonstrate defendant Schuster's involvement in the deprivation of Hasley's constitutional rights, the motion for summary judgment based on qualified immunity must be granted as to Schuster in his individual capacity.

**B. Defendants Schuster in Official Capacity & City of Beatrice**

**1. Schuster in Official Capacity**

Hasley also asserts section 1983 claims under the First, Fourth, and Fourteenth Amendments for failure to train and supervise City employees regarding their duty to not retaliate against individuals and for having a policy and practice of unlawfully retaliating against Hasley.

Suits against government officials in their official capacities are suits against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). In order to state a claim under § 1983 against the governmental entity, one must allege that the constitutional violation resulted from a policy or custom of the governmental entity. *Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 690-691 (1978); *L.L. Nelson Enterprises, Inc. v. County of St. Louis*, 673 F.3d 799, 811 (8th Cir. 2012) ("A municipality can be liable [under § 1983] only if a municipal 'policy or custom' caused a plaintiff to be deprived of a federal right.").

Since I have determined above that Hasley has failed to demonstrate defendant Schuster's involvement in the deprivation of Hasley's constitutional rights, I need not decide whether Schuster was a policymaking official or whether his role in the alleged conduct permits an inference that the City of Beatrice adopted a policy targeting Hasley. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) ("This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive [§ 1983] claim."); *Kelly v. City of Omaha*, 813 F.3d 1070, 1077 (8th Cir. 2016) (same); *Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994), *abrogated on other grounds by Engleman v. Deputy Murray*, 546 F.3d 944 (8th Cir. 2008) (city cannot be found liable on municipal custom/policy or failure-to-train theories unless defendant police officer found liable on underlying substantive claim). Therefore, the motion for summary judgment as to defendant Schuster in both his individual and official capacities must be granted.

## 2. Defendant City of Beatrice

### i. Failure to Train & Supervise

Local governments may be liable under 42 U.S.C. § 1983 for inadequate training of their employees where "(1) the [city's] . . . training practices [were] inadequate; (2) the [city] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the city]'; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (internal quotation marks and citations omitted). Under section 1983, "a claim for failure to supervise requires the same analysis as a claim for failure to train." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir. 2013) (internal quotation marks and citations omitted).

Neither a failure-to-train nor a failure-to-supervise claim "can succeed without evidence the municipality '[r]eceived notice of a pattern of unconstitutional acts committed by [its employees].'" *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216-17 (8th Cir. 2013) (quoting *Parrish*, 594 F.3d at 1002). "Absent some form of notice, the city cannot be deliberately indifferent to the risk that its training or supervision of [the city employee] would result in a violation of a particular constitutional or statutory right." *Atkinson*, 709 F.3d at 1217 (internal quotation and citation omitted).

Here, Hasley has presented no evidence regarding the City's training or supervision policies and practices. Further, Hasley has failed to submit evidence indicating the City had reason to believe, before the events giving rise to this case, that the City's training or supervision of the city employees performing the inspection and issuing the condemnation of Hasley's property were inadequate. *Id*. Hasley, then, has necessarily failed to prove that a deficiency in the training or supervision procedures actually caused the Hasley's injury.

## ii. Policy or Practice of Unlawful Retaliation Against Hasley

A governmental entity like the City of Beatrice can be liable under section 1983 if the plaintiff identifies "a governmental policy or custom[5] that caused the plaintiff's injury." *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (internal quotations marks and citation omitted); *see also Monell*, 436 U.S. at 694 (holding that a plaintiff seeking to impose § 1983 liability on municipality must show official policy or custom of unconstitutional conduct that caused deprivation of plaintiff's constitutional rights). A governmental "policy" is "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). "[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur*, 475 U.S. at 480.

As discussed above, Hasley presents no evidence of a "city policy or custom—written or unwritten—that was a 'moving force [behind] the constitutional violation.'" *Atkinson*, 709 F.3d at 1216 (quoting *Monell*, 436 U.S. at 694).[6] Because Hasley has not presented evidence of a "facially unlawful city policy . . . , [Hasley] could prove his case to a reasonable jury only if he could demonstrate some municipal action or inaction, taken with deliberate indifference as to its known or obvious consequences, caused his injuries." *Id*. (internal quotation and citation omitted).

---

[5]I previously dismissed Hasley's 42 U.S.C. § 1983 "custom" claim against the City of Beatrice. (Filing 26 at CM/ECF pp. 9, 12.)

[6]Hasley does not argue that the City's *failure* to have a particular policy amounts to a constitutional violation. *See Atkinson*, 709 F.3d at 1216 (discussing argument that absence of written policy demonstrated City's deliberate indifference). Even if Hasley did make such an argument, it would fail because he has not established that the City had notice that its lack of policy was likely to result in a constitutional violation. *Id.*

11

Hasley's only argument in this regard is "that Schuster instructed the inspector to conduct a sham inspection of Hasley's property and then institute baseless condemnation proceedings against him to retaliate against him for his exercise of his constitutional rights, as reflected in Mr. Hasley's affidavit, is sufficient to establish the existence of an unconstitutional governmental policy." (Filing 61, Pl.'s Br. Opp'n Defs.' Mot. Summ. J. at CM/ECF p. 17.) As explained in footnote 4 above, Hasley's statements in his affidavit regarding Mitchell's supposed statements that Schuster used him to harass Hasley because Hasley ran for mayor is hearsay and will not be considered. The remaining evidence before me simply does not "meet the rigorous, deliberate indifference standard of fault." *Atkinson, 709 F.3d at 1216* (internal quotation and citation omitted).

Therefore, the defendants' motion for summary judgment must be granted as to Hasley's policy/practice claim against the City of Beatrice.

## C.  Motions to Strike

The defendants have filed a motion to strike various portions of Hasley's evidence. (Filing 63.) Hasley has filed a motion to strike the motion to strike for failure to support such motion with a supporting brief under NECivR 7.1(a)(1)(A) ("A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. *The brief must be separate from, and not attached to or incorporated in, the motion* or index of evidence. The brief must concisely state the reasons for the motion and *cite to supporting authority*. A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." (italics added)).

I shall grant the plaintiff's motion (Filing 66) and strike the defendants' motion to strike (Filing 63) pursuant to NECivR 7.1(a)(1)(A). However, I note that to the extent rulings on the admissibility of evidence were necessary, I have made those rulings in the discussion above.

Accordingly,

IT IS ORDERED:

1. The motion for summary judgment (Filing 53) filed by the defendants is granted for the reasons that defendant Schuster in his individual capacity is entitled to qualified immunity, and defendants Schuster in his official capacity and the City of Beatrice are entitled to summary judgment on the merits;

2. The plaintiff's motion to strike (Filing 66) the defendants' motion to strike (Filing 63) is granted for failure to comply with NECivR 7.1(a)(1)(A); and

3. Judgment shall be entered by separate document.

DATED this 26th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge